UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

VINCENT M. REYES
(who is a legal citizen of the USA),


                                    Plaintiff,

                                                              DECISION AND ORDER

                                                              14-CV-6023L


                    v.


THE COLLEGE OF SCIENCE ADMINISTRATION
ROCHESTER  INSTITUTE OF TECHNOLOGY
Composed of Dean Sofia Maggelakis, Ex. Dept. Head
Of Bio Gary Skuse, RIT Provost Jeremy Hacfner,



                                    Defendants.

_____



        Pending before the Court is defendants' motion to dismiss this discrimination action

pursuant to Fed. R. Civ. Proc. 12(b)(6) on the grounds that plaintiff failed to file a timely

administrative charge, that plaintiff has failed to state a plausible constitutional claim, and that

the Court should decline to exercise jurisdiction over plaintiff's remaining state law claim.  (Dkt.

#8).  For the reasons set forth below, the motion is granted and the complaint is dismissed.[1]

        To survive a motion to dismiss, "a complaint must contain sufficient factual matter,

accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal,* 556

U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).

_____

        [1] I have considered all papers filed, including plaintiff's sur-reply (Dkt. #17) filed September 9, 2014.

Where, as here, a plaintiff is proceeding *pro se*, the Court must construe the complaint liberally and "interpret [it] to raise the strongest arguments it suggests." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).

Plaintiff, a former employee of defendant Rochester Institute of Technology ("RIT"), filed his *pro se* complaint on or about January 14, 2014, asserting claims of harassment, discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000 et seq., as well as violations of unspecified portions of the United States Constitution and a state common law claim of intentional infliction of emotional distress. The factual nexus of plaintiff's claims involves the termination of his employment as an Assistant Professor for RIT's College of Science on June 30, 2012, upon the expiration of a one-year contract which followed the denial of tenure.

The exhibits annexed to plaintiff's complaint indicate that he first filed an administrative charge of discrimination on or about October 18, 2013, with the Equal Opportunity Employment Commission ("EEOC"). (Dkt. #1 at 23). Defendants add that on or about November 8, 2013, plaintiff filed a second administrative charge with the New York State Division of Human Rights ("NYSDHR"), which reiterated the claims made in the EEOC charge and included additional claims of discrimination and retaliation. (Dkt. #8-2 at Exh. C). Both the EEOC and NYSDHR dismissed the complaints before them, on the grounds of untimeliness. (Dkt. #8-2, at Exhs. B and C).

Title VII requires a claimant to file a discrimination charge with the EEOC within 180 days of the alleged unlawful employment practice or, if the claimant initially instituted proceedings with a state or local equal employment agency, within 300 days of the alleged unlawful employment practice. *See* 42 U.S.C. § 2000e-5(e)(1); *Quinn v. Green Tree Credit*

*Corp.*, 159 F.3d 759, 765 (2d Cir. 1998).   The filing of a timely administrative charge is generally an essential prerequisite to a federal Title VII case.   In the context of discriminatory discharge, the limitations period runs from "the date when the employee receives definite notice of the termination, not upon his discharge."   *Cunningham v. Figurilli*, 2013 U.S. Dist. LEXIS 19854 a *23 (N.D.N.Y. 2013) (*quoting Miller v. Int'l Tel. & Tel. Corp.*, 755 F.2d 20, 25 (2d Cir. 1985)).

Here, although plaintiff may dispute the legitimacy of RIT's decision not to grant tenure, he admits (indeed, alleges) that he was duly notified of his impending termination on June 1, 2011 – one year before it took effect.  (Dkt. #1 at 17).  Plaintiff's initial administrative charge was not filed with the EEOC until October 18, 2013, 870 days after he was notified of his termination and 504 days after it took effect.   Plaintiff makes no factual allegations of discriminatory activity occurring after December 19, 2012, when RIT denied plaintiff's final request for "reconsideration" of his termination.   As such, plaintiff's Title VII discrimination claims are manifestly untimely, and are dismissed.[2]

The complaint also purports to state constitutional claims.   First, plaintiff alludes to unlawful "ex post facto" policymaking, in the form of a questionnaire that was distributed by an RIT Dean, asking whether collegiality should be a factor considered in tenure decisions. Plaintiff alleges that this factor weighed against him, and was included in tenure decisions solely to target him, in violation of his constitutional rights.   To the extent that plaintiff believes that any defendant's actions violated the Ex Post Facto Clause of the United States Constitution, that

---

[2] Plaintiff also contends that his receipt of a "right to sue" letter somehow excuses his failure to file a timely administrative charge and operates as a free pass to pursue a Title VII claim regardless of its timeliness.  It does not.  *See McPherson v. New York City Dep't of Educ.*, 457 F.3d 211, 213-214 (2d Cir. 2006) (the timeliness requirement of Title VII is akin to a statute of limitations, and failure to file a timely administrative charge forecloses the plaintiff from pursuing his claims in federal court: "a right-to-sue letter enables a private suit only if it is issued in connection with an administrative charge that is timely filed").

clause does not apply to non-government actors, and plaintiff makes no claim, nor does the evidence suggest, that RIT is a state actor or that its policies may be likened to state-imposed penalties for criminal conduct. *See generally Lynce v. Mathis*, 519 U.S. 433, 440 (1997) (the Ex Post Facto Clause prohibits the government from engaging in the retroactive application of penal legislation, by criminalizing previously legal activity or by inflicting a greater punishment than the law specified for a crime when it was committed).

For the same reason, plaintiff's allegation that his constitutional rights were violated when the same RIT Dean suggested during a grade dispute meeting that plaintiff needed to "change [his] values" is dismissed. (Dkt. #1 at 15). While this allegation might support one of the elements of a First Amendment freedom of speech claim if it involved a government employer, plaintiff makes no plausible allegation that RIT is a state actor. *See Manigaulte v. C.W. Post of Long Island Univ.*, 659 F. Supp. 2d 367, 379 (E.D.N.Y. 2009) (dismissing First Amendment retaliation claim where plaintiff fails to plausibly allege that the defendant, a private university, is a state actor, or that plaintiff engaged in speech as a citizen on a matter of public concern). *See generally Curto v. Smith*, 248 F. Supp. 2d 132, 139 (N.D.N.Y. 2003). Moreover, the complaint does not describe plaintiff's engagement in speech on any matter of public concern, or describe any deprivation of liberty or due process that sufficient to give rise to some other constitutional violation. Plaintiff's constitutional claims are dismissed.

In his papers in opposition to the instant motion, plaintiff expresses the view (for the first time) that the complaint also states claims under an unspecified "Whistleblower Act," as well as federal laws related to "cybercrimes" and intellectual property. Plaintiff does not identify which federal laws were purportedly violated, nor does the complaint contain any factual allegations concerning whistleblowing, cybernetic activity or intellectual property. There are, for example,

no allegations in the complaint that plaintiff complained to government officials about illegal activity and was subjected to retaliation for those complaints, or that the defendants misused any technological devices or stole intellectual property belonging to the plaintiff.  The complaint makes no allusion whatsoever to such theories, let alone plausibly states claims under them.

Having disposed of plaintiff's federal claims, the Court declines to exercise supplemental jurisdiction over plaintiff's remaining claim for intentional infliction of emotional distress.  The Court notes that plaintiff has already filed an identical action in state court, where this claim may be more appropriately decided.  (Dkt. #8-2 at Exh. D).  As such, an exercise of supplemental jurisdiction would be wastefully duplicative, and is unwarranted.  *See* 28 U.S.C. §1367(c);*Valencia ex rel. Franco v. Lee*, 316 F.3d 299, 305 (2d Cir. 2003).

## CONCLUSION

For all of the above reasons, defendants' motion to dismiss plaintiff's complaint (Dkt. #8) is granted, and the complaint is dismissed in its entirety:  plaintiff's intentional infliction of emotional distress claim is dismissed without prejudice, and the remainder of the complaint is dismissed with prejudice.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
        October 9, 2014.

5